# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DESHAWN TYSON,<br>　　Plaintiff, | :<br>:　CIVIL CASE NO:<br>:　3:18cv1600(JCH) |
| v. | : |
| PATRICK J. CLIFFORD, ET AL.,<br>　　Defendants. | :　DECEMBER 21, 2018<br>: |

## INITIAL REVIEW ORDER

The plaintiff, Deshawn Tyson ("Tyson"), is confined at MacDougall-Walker Correctional Institution. He has filed a pro se civil rights action pursuant to section 1983 of title 42 of the United States Code against New Haven Superior Court Judge Patrick J. Clifford ("Judge Clifford") and Connecticut State's Attorney John P. Doyle, Jr. ("Attorney Doyle"). For the reasons set forth below, the Complaint is dismissed.

## I.　STANDARD OF REVIEW

Pursuant to section 1915A(b) of title 28 of the United States Code, the court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. This standard of review "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (internal quotation marks and citation omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a pro se complaint liberally," the Complaint must still include sufficient factual allegations to meet the standard of facial plausibility. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II. FACTS

Tyson states that he has been "wrong[ly] incarcerated" in a facility within the State of Connecticut Department of Correction since March 10, 2016.[1] See Compl. (Doc. No. 1) at 22. The State of Connecticut Judicial Branch website reflects that New Haven police officers arrested Tyson on March 10, 2016, and that the State of Connecticut has charged him in a criminal case filed in the Connecticut Superior Court for the Judicial District of New Haven with one count of sexual assault in the first

---

[1] The State of Connecticut Department of Correction's website indicates, however, that Tyson is currently serving a nine-year sentence, imposed on January 25, 2017, for a violation of probation. Information regarding Tyson's current confinement may be found on the State of Connecticut Department of Correction's website under Inmate Search using his CT DOC Inmate Number 253494. See http://portal.ct.gov/DOC.

degree, in violation of Conn. Gen. Stat. § 53a-70(a)(1), and one count of unlawful restraint in the first degree, in violation of Conn. Gen. Stat. § 53a-95. See State v. Tyson, Case No. NNH-CR16-0165313-T (Conn. Super. Ct. Mar. 10, 2016).[2] The case detail indicates that Tyson is represented by counsel and that a jury trial is scheduled for December 16, 2020. See id.

Tyson alleges that, on or about July 26, 2018, in the Connecticut Superior Court for the Judicial District of New Haven, Judge Clifford stated on the record that he had instructed Attorney Doyle to ignore or disregard any motions, memoranda, or affidavits filed by Tyson. See Compl. at 5 ¶ 1, 22. Judge Clifford has ruled against Tyson even when Attorney Doyle refused to oppose Tyson's motions. See id. at 17.

On or about August 22, 2018, Judge Clifford stated on the record that he had instructed Attorney Doyle to remain silent during a pretrial hearing and that Attorney Doyle agreed to do so. See id. at 5 ¶ 2. On or about September 12, 2018, Judge Clifford stated on the record that he had instructed Attorney Doyle to ignore or disregard Tyson's "Conditional Acceptance/Negotiable instrument/grievance" document. See id. at 5 ¶ 3. On that same date, Judge Clifford informed Tyson that he would not consider any motions that Tyson might file. See id. at 5 ¶ 4. Tyson generally asserts that Judge

---

[2] Information regarding this case may be found on the State of Connecticut's Judicial Branch website at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Criminal/Motor Vehicle; Pending Case – Search by Defendant – using plaintiff's last name and first initial of his first name - Tyson, D. (Last visited on December 19, 2018). The court notes that Tyson has filed another federal lawsuit against the victim of the alleged offenses for which he was arrested on March 10, 2016, as well as the police officers who arrested him. See Tyson v. Doe, et al., Case No. 3:17cv731(JCH). The court has stayed that action pending resolution of Tyson's state criminal case. See id. (Ruling on Mot. to Intervene or Stay Discovery, Doc. No. 133).

3

Clifford and Attorney Doyle have misapplied statutes and laws and have failed to provide him with "Discovery/Brady material." Id. at 6 ¶ 6, 17–18.

At one point during the criminal proceeding, Judge Clifford issued an order that Tyson could represent himself. See id. at 22. Judge Clifford subsequently attempted to appoint an attorney to represent Tyson even though the attorney had made threats against Tyson in the past. See id.

## III. DISCUSSION

Tyson alleges that the defendants violated his rights under the First, Fifth, Eighth, Ninth and Fourteenth Amendments as well as under sections 241 and 242 of title 18 of the United States Code. See id. at 17–18. Tyson seeks punitive, compensatory, nominal, and exemplary damages, as well as injunctive and declaratory relief. See id. at 6–7.

As a preliminary matter, the court notes that Tyson includes the following additional allegations in the Complaint. The "State of CT has declared me/plaintiff sovereign [f]rom itself, as establish[ed] by law, because I/plaintiff had/has no residency with the state and therefore plaintiff is not only a private man as opposed to a corporate fiction." See id. at 6 ¶ 7. Tyson asserts that he cannot be "named in any statutes" and has "a Reservation of Rights which was made known to all defendants." See id. at 6 ¶¶ 8–10. Tyson contends that, throughout his criminal case, "defendants [have] refuse[d] to adhere to the Supremacy Clause of the United States Supreme Court rulings." See id. at 6 ¶ 5. Tyson signs the Complaint as: "Secured Party, Sui Juris, one of the sovereign people, a private man on the land, non-combatant, an American by birth, and child of the living God, Grantor, Secured Party/Creditor and principal of which

'Rights' existed long antecedent to the Organization of the State and Trustee." Id. at 33. Attached to the Complaint is a document titled "Memorandum of Law with points and Authorities on 'sovereignty' of the people In Relationship to 'Government' of the several Compact De-facto State and the Federal Government." Id. at 25–32.

This language and the title of the attachment to the Complaint suggest that Tyson considers himself a "sovereign citizen." In United States v. Ulloa, 511 F. App'x. 105 (2d Cir. 2013), the Second Circuit described, "sovereign citizens," as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." Id. at 107 n.1.

Adherents of such claims or defenses "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011) (citations omitted). Federal courts across the country, however, have routinely refused to credit arguments based on a redemption, sovereign citizen, or other similar theory because the arguments are often frivolous, irrational and unintelligible. See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts have summarily rejected sovereign citizens' legal theories as frivolous); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a sovereign citizen, a secured-party creditor, or a flesh-and-blood human being, that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.") (internal quotation marks omitted); Charlotte v. Hanson, 433 F. App'x. 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no

conceivable validity in American law) (citation omitted); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding that "sovereign citizen" argument was "completely without merit" and "patently frivolous"); Akbar v. Clarke, No. 1:15-CV-338(AJT/TCB), 2016 WL 4150456, at *7 (E.D. Va. Aug. 1, 2016) (noting that sovereign citizen claims are "wholly frivolous"); Berman v. Stephens, No. 4:14-CV–860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (finding that a prisoner's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous") (collecting cases); Gaskins v. South Carolina, C/A No. 2:15-cv-2589 DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) (affirming recommended ruling dismissing as baseless prisoner's claim, premised upon "sovereign citizen" theory, that the state court lacked jurisdiction over her and that her state conviction was therefore void); Paul v. New York, No. 13-CV-5047 (SJF)(AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) (dismissing complaint as factually and legally frivolous because "[t]he conspiracy and legal revisionist theories of sovereign citizens are not established law in this court or anywhere in this country's valid legal system") (internal quotation marks and citation omitted).

It is apparent that Tyson is claiming that, as a "sovereign citizen," he is not subject to the jurisdiction of the State of Connecticut or the Connecticut Superior Court and that any criminal charges against him must be dismissed. To the extent that he challenges the jurisdiction of the State of Connecticut, its courts, or Judge Clifford, or the authority of the State, through Attorney Doyle, to prosecute him for a criminal offense, based on a "sovereign citizen" theory, the court concludes that the claim lacks

an arguable legal basis. Thus, that claim is dismissed. See 28 U.S.C. § 1915A(b)(1). To the extent that Tyson is challenging the conduct of the defendants on other grounds, the court addresses those claims below.

A.  Requests for Injunctive and Declaratory Relief

Tyson seeks a declaration that the defendants violated his constitutional and federal protected rights and an injunction directing the defendants to cease and desist from making further contact with him or harassing him in violation of his rights. See Compl. at 7. He includes, an "Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order," as an attachment to the Complaint, which seeks a court order that the defendants be enjoined from various types of conduct in connection with his state criminal case. See id. at 19–20.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court, except in cases where an injunction is necessary to prevent immediate and irreparable injury to a defendant, should not enjoin a pending state court criminal proceeding. Id. at 45. The doctrine of federal abstention, as outlined in Younger, "is grounded in principles of comity and federalism and is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims." Schlagler v. Phillips, 166 F.3d 439, 442 (2d Cir.1999). It "is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) (citations omitted).

In Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69 (2013), the Supreme Court clarified that courts should abstain under Younger only in three "exceptional

7

circumstances": (1) pending state criminal proceedings; (2) civil enforcement proceedings that are "akin to criminal prosecutions;" and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." See id. at 72. The court may address the applicability of the Younger abstention doctrine sua sponte. See Catlin v. Ambach, 820 F.2d 588, 591 (2d Cir.1987) (citing Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976)). The Younger doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief. See Samuels v. Mackell, 401 U.S. 66, 73 (1971) (holding Younger's policy would "be frustrated as much by a declaratory judgment as it would be by an injunction").

It is clear from the Complaint and the State of Connecticut Judicial Branch website, that Tyson's state criminal proceeding stemming from his arrest on March 10, 2016 is ongoing. See State v. Tyson, Case No. NNH-CR16-0165313-T (Conn. Super. Ct. Nov. 30, 2018). If the court were to grant Tyson's request for a court order directing the defendants to dismiss the criminal charges against Tyson, or were to declare that the defendants had violated Tyson's federal constitutional rights in presiding over and prosecuting Tyson's state criminal case, such Orders would interfere with Tyson's pending state criminal proceeding.

There are two exceptions to the Younger abstention doctrine: bad faith and extraordinary circumstances. See Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 197–198 (2d Cir. 2002). Abstention may be inappropriate if "a prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected conduct, or where a prosecution or proceeding is otherwise brought in bad faith or for the purpose to harass." Id. at 199 (internal quotation marks and citation omitted). This

exception focuses on the subjective intent or motivation of the state prosecutor who initiates the proceeding. See id. ("A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception.") (citation omitted).

The Second Circuit has described the extraordinary circumstances necessary to invoke the second exception to abstention under Younger as circumstances that "render the state court incapable of fairly and fully adjudicating the federal issues before it" and "creat[e] an extraordinarily pressing need for immediate federal equitable relief." Id. at 201 (citation omitted). Application of the extraordinary circumstances exception requires "two predicates . . . (1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; and (2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene." Id. (citation omitted) (emphasis in original).

Tyson has alleged no facts to suggest that the prosecutor initiated the criminal action against him in bad faith or with "no reasonable expectation of obtaining a favorable outcome." Id. at 199 (internal quotation marks and citation omitted). Nor has Tyson alleged the absence of a remedy available in state court to challenge any alleged constitutional violations associated with his criminal prosecution. Tyson is not precluded from challenging any subsequent conviction or sentence on appeal to the Connecticut Appellate and Supreme Courts, filing a habeas petition in the Connecticut Superior Court, and following that, a habeas petition in federal court. Furthermore, Tyson has not alleged that he will suffer imminent harm if this court does not intervene

in the ongoing prosecution. See Davis v. Lansing, 851 F.2d 72, 77 (2d Cir.1988) (holding the burden of defending criminal prosecution is insufficient, without more, to constitute irreparable harm); Saunders v. Flanagan, 62 F. Supp. 2d 629, 635 (D. Conn. 1999) ("That the plaintiff will be forced to defend against a charge of murder in state court does not constitute the extraordinary circumstances resulting in irreparable harm warranting this court to refuse to apply the doctrine of Younger abstention, and no other specific basis of 'extraordinary circumstances' is asserted.").

Because there are no facts alleged to plausibly suggest that either of the narrow exceptions to the Younger abstention doctrine have been met, the court abstains from exercising jurisdiction over the requests for injunctive and declaratory relief seeking intervention in Tyson's ongoing state criminal case. The court therefore dismisses those requests. See 28 U.S.C. § 1915A(b)(1).

B. Request for Money Damages

Tyson seeks $ 1,000,000 in punitive damages from each defendant as well as damages for harassment, mental anguish, anxiety and annoyance, nominal damages and exemplary damages. See Compl. at 6. The court declines to stay this action pending resolution of the state criminal proceeding because Tyson's claims for damages lack arguable legal merit.

1. Judge Clifford

Judges are immune from suit, not just from the ultimate assessment of damages. See Mireles v. Waco, 502 U.S. 9, 11 (1991). This immunity applies even to claims that a judge acted in bad faith, erroneously, maliciously or "in excess of his authority." Id. at 13. "[O]nce a court determines that an official was functioning in a core judicial or

prosecutorial capacity, absolute immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." DiBlasio v. Novello, 344 F.3d 292, 297 (2d Cir. 2003) (citations and internal quotation marks omitted). There are two situations in which judicial immunity may be overcome. A judge is not immune from suit for actions taken outside his judicial capacity or for actions that are judicial in nature but taken in the absence of all jurisdiction. See Mireles, 502 U.S. at 11 (citations omitted).

Tyson alleges that, at times during the pendency of his state criminal case, Judge Clifford has instructed Attorney Doyle not to speak during a pretrial hearing, has either declined to rule on his motions or ruled against him on matters and motions, has disregarded his Acceptance/Negotiable Instrument/Grievance document, has misapplied statutes, and has refused to provide or disclose discovery/exculpatory material to him. See Compl. at 5, 17–18. Tyson complains that, at one point, Judge Clifford permitted him to proceed pro se, but would not rule on his motions. See id. at 22. Tyson suggests that more recently, Judge Clifford has attempted to appoint counsel for him, even though he did not ask for counsel. See id. Tyson claims that the attorney Judge Clifford attempted to appoint for him had threatened Tyson in the past. See id.

Appointing counsel for a party and determining whether to rule on motions, ruling on motions, including motions related to the disclosure of information or evidence, issuing orders regarding documents that have been filed in a case, directing speakers during proceedings, and interpreting and applying statutes constitute judicial acts within the jurisdiction of a state court judge. See Sadler v. Supreme Court of Connecticut, 167 F. App'x 257, 259 (2d Cir. 2006) ("Superior Court Judge White is immune from liability

11

under § 1983 for damages and injunctive relief. Judge White performed a judicial action within his jurisdiction when he determined that Sadler's counsel . . . should not be replaced.") (citation omitted); Ashmore v. Prus, No. 13-CV-2796 (JG), 2013 WL 3149458, at *3 (E.D.N.Y. June 19, 2013) ("Making evidentiary rulings is a paradigmatic judicial function."); Book v. Tobin, No. 3:04CV442 (JBA), 2005 WL 1981803, at *2 (D. Conn. Aug. 16, 2005) ("Quintessential judicial acts include presiding over trial proceedings, making evidentiary rulings, issuing jury instructions, and deciding motions, and remain protected by judicial immunity even if the decisions are erroneous, untimely, and in excess of the judge's authority."). There are no allegations that Judge Clifford engaged in actions that were not judicial in nature or were taken in the absence of all jurisdiction. Thus, Judge Clifford is absolutely immune from suit to the extent that Tyson seeks money damages, and those claims against Judge Clifford are dismissed. See 28 U.S.C. § 1915A(b)(2).

        2.    Attorney Doyle

Tyson alleges that Attorney Doyle is the State's Attorney prosecuting his criminal case in the Connecticut Superior Court for the Judicial District of New Haven. See Compl. at 3, 5. Tyson asserts that Attorney Doyle did not speak during a pretrial hearing, did not respond to motions that he filed in the case, ignored his Acceptance/Negotiable Instrument/Grievance document, misapplied statutes, and refused to disclose discovery/exculpatory material to him. See id. at 5 ¶ 2, 17–18. Tyson contends that, by failing to respond to his motions, Attorney Doyle has consented to the relief sought in those motions, including a motion to dismiss the charges against him. See id. at 20.

12

A prosecutor is protected by absolute immunity from a section 1983 action "for virtually all acts, regardless of motivation, associated with his function as an advocate." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that a state prosecutor was absolutely immune from a civil suit to recover damages under section 1983 because the prosecutor's conduct "in initiating a prosecution and presenting the State's case" were "intimately associated with the judicial phase of the criminal process." Id. at 430–31. If a prosecutor acts in an investigative rather than an adversarial capacity, he or she is not entitled to absolute immunity. See Kalina v. Fletcher, 522 U.S. 118, 125–27 (1997) (holding that prosecutor was not protected by absolute immunity because she was acting as an investigator when she signed a sworn affidavit attesting to the facts supporting an arrest warrant).

Tyson's allegations against Attorney Doyle pertain to his role in prosecuting the criminal case against Tyson. Decisions involving whether to respond to a motion, to argue a matter in a pretrial hearing, or to disclose evidence to a defendant are all part of the preparation of a case for trial. See Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir.2005) ("It is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' 'is immune from a civil suit for damages under § 1983.'") (quoting Imbler, 424 U.S. at 410, 431); Smith v. Garretto, 147 F.3d 91, 94 (2d Cir.1998) ("A prosecutor enjoys absolute immunity for acts taken in initiating a prosecution and in presenting the State's case, whether at a trial, a preliminary hearing, or a bail hearing.")(internal citations and quotation marks omitted); Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (explaining that prosecutors are "immune for conduct in preparing for those functions;

13

for example, evaluating and organizing evidence for presentation at trial or to a grand jury, or determining which offenses are to be charged") (citation omitted). Thus, Attorney Doyle is immune from this suit.

## ORDERS

The court enters the following Orders:

**(1)** To the extent that Tyson challenges, based on a "sovereign citizen" theory, the jurisdiction of the State of Connecticut to prosecute him for a criminal offense, or the authority of any defendant to be involved in his prosecution, the court concludes that the claim lacks an arguable legal basis and is **DISMISSED**. See 28 U.S.C. § 1915A(b)(1). The claims against Judge Clifford and Attorney Doyle in their individual capacities for money damages are **DISMISSED** on the ground that they are entitled to absolute immunity. See 28 U.S.C. § 1915A(b)(2). The court concludes that it must abstain from exercising jurisdiction over the requests for injunctive and declaratory relief seeking the court's intervention in Tyson's ongoing state criminal case and **DISMISSES** those requests. See 28 U.S.C. § 1915A(b)(1).

**(2)** The Clerk is directed to enter judgment for the defendants and close this case. Any appeal from the Ruling dismissing the Complaint would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at New Haven, Connecticut this 21st day of December 2018.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge